# Nationwide Mutual Insurance Company v. Harris

C.P. of Fayette County, no. 1963 of 2000, G.D.

*Peter B. Skeel,* for plaintiff.
*William M. Radcliffe,* for defendant.

SOLOMON, *J.,* April 6, 2001—Presently before the court are the preliminary objections of the plaintiff, Nationwide Mutual Insurance Company, to the new matter and counterclaim of the defendant, Clyda Harris, and to the petition to compel arbitration filed by the defendant.

## BACKGROUND

The defendant, Clyda Harris, was involved in an automobile accident on October 19, 1998, with another driver. She subsequently settled her claims with the other driver's liability carrier, and with the underinsured carrier providing coverage for her own vehicle. The defendant then made a claim against Nationwide under a policy which lists Georgetta Harris, her mother, as the policyholder. Nationwide subsequently filed a declaratory judgment action against Clyda Harris alleging that her underinsured claim against Nationwide arising out of her accident of October 19, 1998, was not covered under the policy of Georgetta Harris.

In response to the declaratory judgment action, the defendant filed an answer, new matter, and counterclaim. The new matter alleged that the court had no jurisdiction over the matter because, pursuant to the Nationwide

policy, the defendant was entitled to submit the matter to arbitration. The counterclaim alleged that Nationwide acted in bad faith when it filed the declaratory judgment action knowing that the policy provided for arbitration in the event of a dispute. Further, the plaintiff also filed a petition to compel arbitration.

In response to the allegations in the plaintiff's new matter and counterclaim, Nationwide filed the preliminary objections that are now before the court.

## DISCUSSION

Nationwide raises three issues with respect to the defendant's new matter and counterclaim. First, it contends that she waived the defense of arbitration by raising it in her new matter, instead of by preliminary objection. Second, Nationwide contends that the portion of the defendant's counterclaim stating that the issue of whether the defendant was an insured should be submitted to arbitration pursuant to the Nationwide policy should be stricken. Third, Nationwide denies that it acted in bad faith when it filed the declaratory judgment action against the defendant.

In determining if the defendant waived the defense of arbitration by raising it in her new matter, rather than by preliminary objection, we must turn our attention to Pa.R.C.P. 1028, which governs preliminary objections. Subsection (a)(6) of the rule states as follows:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(6) pendency of a prior action or agreement for alternative dispute resolution."

The footnote following this subsection states that "[a]n agreement to arbitrate may be asserted by preliminary objection *or by petition to compel arbitration* pursuant to the Uniform Arbitration Act, 42 Pa.C.S. §7304, or the common law, 42 Pa.C.S. §7342(a)." (emphasis added) Thus, one who intends to assert an agreement to arbitrate may choose to do so either by filing preliminary objections, or by filing a petition to compel arbitration.

Instantly, the defendant asserted an agreement to arbitrate, which was contained within the Nationwide policy, by filing a petition to compel arbitration pursuant to the Uniform Arbitration Act. Therefore, because the defendant used a proper method of asserting the agreement to arbitrate, Nationwide's preliminary objection that the defendant waived arbitration by raising it in new matter is denied.

The second issue is whether the arbitration clause in the Nationwide policy gives the defendant the right to demand arbitration. In support of her position, the defendant cites two provisions in the policy, which she claims conflict. The first provision is within endorsement 2360 at page 2, paragraph 2, under the heading "Recovery." This provision states that "[q]uestions between the injured party and us regarding whether the injured party is an insured under this coverage, or the limits of such coverage, are not subject to arbitration and shall be decided by a court of law."

The arbitration clause in the policy states as follows:

"If we and the insured disagree about the right to recover damages from the owner or driver of an underinsured motor vehicle or the amount of such damages:

"(1) After written demand for arbitration by either party, each will select a competent arbitrator. . . ."

The defendant contends that the language in these two provisions conflicts and, therefore, must be construed against Nationwide as the drafter of the document. However, we do not agree with the defendant's position that there is a conflict in the language of the two provisions. The first provision cited above clearly indicates that if there is a question as to whether an injured party is an insured it must be decided by a court of law, not by arbitration. The arbitration clause, on the other hand, states that if Nationwide and the "insured" disagree about the right to recover damages, then, at the request of either party, the issue will be decided by arbitration. This language suggests that the provision applies only to one who is an "insured."

Here it has not yet been determined whether the defendant is an insured under the Nationwide policy. In fact, that is precisely the question that Nationwide is seeking to have answered in its declaratory judgment action. Thus, the arbitration clause in the Nationwide policy does not give the defendant the right to demand arbitration to decide the issue of whether she is an insured.

Finally, since the Nationwide policy does not require that this matter be submitted to arbitration, the bad faith claim made by the defendant will be dismissed.

In conclusion, we find that the defendant did not waive the defense of arbitration by raising the issue in her new matter, instead of by way of preliminary objection. Further, there is no conflict in the provisions of the policy set forth, *supra,* and the arbitration clause in the Nationwide policy does not grant the defendant the right to have the issue of whether the defendant is an insured submitted to arbitration. Finally, we dismiss the defendant's bad faith claim for the reasons set forth above. Therefore, we must deny the defendant's petition to compel arbitration and we grant the preliminary objections of the plaintiff as to paragraphs 25, 26, 27, and 28(3) of the defendant's counterclaim, and the same are stricken.

Wherefore, we will enter the following order.

## ORDER

And now, April 6, 2001, it is hereby ordered and directed that the petition of the defendant to compel arbitration is denied. It is further ordered and directed that the preliminary objections of the plaintiff as to paragraphs 25, 26, 27, and 28 (3) of the counterclaim of the defendant are granted and paragaphs 25, 26, 27, and 28(3) are stricken.